**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CHRISTOPHER BARRELLA,

                Plaintiff,

            -against-

VILLAGE OF FREEPORT and ANDREW
HARDWICK, as both Mayor and in his
individual capacity,

                Defendants.
----------------------------------------------------------X

**DECISION AND ORDER**
12-CV-0348 (ADS)(WDW)

**APPEARANCES:**

**Fugazy & Rooney LLP**
*Attorneys for the Plaintiff*
126 Glen Street
Glen Cove, NY 11542
    By: Amanda M. Fugazy, Esq.
        Adam C. Weiss, Esq., Of Counsel

**Harris Beach PLLC**
*Attorneys for the Defendant Village of Freeport*
The Omni
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
    By: Keith M. Corbett, Esq.
        Kadion D. Henry, Esq., Of Counsel

**Rivkin Radler, LLP**
*Attorneys for the Defendant Andrew Hardwick*
EAB Plaza
Uniondale, NY 11556
    By: Kenneth A. Novikoff, Esq.
       Scott Green, Esq., Of Counsel

**SPATT, District Judge**

    Familiarity with the factual and procedural history of this case is presumed.

By way of background, on May 30, 2014, following a trial, the jury returned a verdict against both the Defendants the Village of Freeport and Andrew Hardwick, former Mayor of the Village of Freeport, for the sum of $150,000 in back pay damages, $1,000,000 in front pay damages, and $200,000 in punitive damages as against Hardwick only.

On June 11, 2014, the Plaintiff Christopher Barella (the "Plaintiff") moved pursuant to Fed. R. Civ. P. 45(d) and 28 U.S.C. § 120 for an award of attorneys' fees and costs.

On June 25, 2014, the Plaintiff moved for an order (1) upwardly adjusting the back pay and front pay award to account for the negative tax consequences he would suffer as a result of receiving the damages award in a lump sum; (2) awarding pre-judgment interest on his back pay and costs; and (3) awarding post-judgment interest on the entire award he ultimately receives, including his attorneys' fees and costs.

On June 25, 2014, Hardwick filed a notice of appeal from the May 30, 2014 judgment. On June 27, 2014, the Village filed a separate notice of appeal from the May 30, 2014 judgment. Those appeals are currently pending before the United States Court of Appeals for the Second Circuit.

On June 27, 2014, Hardwick moved pursuant to Fed. R. Civ. P. 50(b) for judgment as a matter of law on all claims for which the jury rendered a verdict in favor of the Plaintiff. Alternatively, Hardwick moved pursuant to Fed. R. Civ. P. 59(a) for a new trial. That same day, the Village moved pursuant to Fed. R. Civ. P. 50 for judgment as a matter of law, and alternatively, pursuant to Fed. R. Civ. P. 59(a), for a new trial or reducing the jury's award against the Village.

By Memorandum of Decision and Order dated August 28, 2014, the Court (1) denied the Defendants' Rule 50 motions for judgment as a matter of law and Rule 59 motions for a new

2

trial; (2) granted the Plaintiff's motion for attorneys' fees and costs to the extent that the Plaintiff was awarded $661,139 in attorneys' fees and $26,612.42 in costs; and (3) granted in part and denied in part the Plaintiff's motion to amend or mold the jury verdict. In particular, the Court granted the motion insofar as the Plaintiff was awarded (1) pre-judgment interest on the back pay award of $150,000 to be calculated by the Clerk of the Court at the rate prescribed in 28 U.S.C. § 1961(a), compounded annually, from August 1, 2012 through the date of the judgment, May 30, 2014; (2) pre-judgment interest on the costs award of $26,612.42, at the rate prescribed by 28 U.S.C. § 1961(a), compounded annually, from August 1, 2012 through the date of the judgment, May 30, 2014; and (3) post-judgment interest on the judgment amount of $1,350,000, plus costs of $26,612.42 from May 30, 2014, at the rate prescribed by 28 U.S.C. § 1961(a) compounded annually, until paid. The Court denied the motion insofar as the Plaintiff sought (1) an upward adjustment of the jury award to account for negative tax consequences and (2) post-judgment interest on the attorneys' fees award. Judgment was entered on August 29, 2014.

On September 11, 2014, the Plaintiff moved pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 120 for an award of supplemental attorneys' fees and costs on the basis that (1) he is the "prevailing party" on his racial discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1988; and (2) he is entitled to recover his attorneys' fees incurred in opposing the Defendants' post-trial motions; (3) he is entitled to recover those fees he incurred after June 9, 2014 in making his initial fee application; and (4) he is entitled to recover the cost of purchasing the trial transcript for the purpose of opposing the Defendants' post-trial motions. According to the Plaintiff, his attorneys' fees for opposition to the Defendants' post trial-motions are $37,990.00 and for work on the attorneys' fees motion after June 9, 2014 the sum is $20,860.00.

Also, that day, the Village filed notices of appeal from those parts of the August 29, 2014 judgment denying its motions under Fed. R. Civ. P. 50 and 59 and granting the Plaintiff's motion for attorneys' fees and costs.

On September 12, 2014, Hardwick separately filed a notice of appeal from that part of the August 29, 2014 judgment granting the Plaintiff's motion for attorneys' fees and costs.

On September 25, 2014, the Plaintiff filed a notice of appeal from that part of the August 29, 2014 judgment as denied his motion for an additional monetary award to offset the negative tax consequences of his receiving the damages award as a lump sum and that part of the April 28, 2014 order as granted the Defendants' motion for summary judgment dismissing the Plaintiff's claim of national origin discrimination.

On October 3, 2014, the Village moved pursuant to Fed. R. Civ. P. 62(d) for an order staying execution of the judgments entered on May 28, 2014 and August 29, 2014 pending the Village's appeal to the Second Circuit. In support of that motion, the Village posted a s*upersedeas* bond for the full amount of the judgments entered on May 28, 2014 and August 29, 2014.

On October 6, 2014, the Village filed a memorandum in opposition to the Plaintiff's motion for supplemental attorneys' fees and costs. The Village requests that the Plaintiff's supplemental attorneys' fees application be held in abeyance pending the outcome of the cross-appeals, lest the Village be forced to expend additional moneys on bond premiums. Hardwick has not opposed the supplemental motion for attorneys' fees and costs.

On October 13, 2014, the Plaintiff filed a reply memorandum in support of his motion for supplemental attorneys' fees and costs. With respect to the Village's assertion that it will have to post additional security if the supplemental fee petition is granted, the Plaintiff stipulates that it

4

will not pursue execution for any judgment for fees granted on the supplemental fee petition until after the appeals are decided, obviating any need for the Village to post additional security.

Fed. R. Civ. P. 62(d) provides that, if an appeal is taken, the appellants can stay enforcement of the district court's judgment by posting a *supersedeas* bond. In that scenario, the stay is "automatic" rather than within the discretion of the Court. In re Holtmeyer, 229 B.R. 579, 582 (E.D.N.Y. 1999); see also Malarkey v Texaco, Inc., 794 F. Supp 1248, 1249 (S.D.N.Y. 1992)("Fed. R. Civ. P. 62(d) permits a party against whom a monetary judgment is rendered to stay execution of that judgment pending appeal by 'giving a supersedeas bond.' A party is entitled to a post a bond and stay execution of a monetary judgment as a matter of right.")

The Plaintiff does not challenge the adequacy of the bond as to the Village. Therefore, the Court approves the *supersedeas* bond and grants the Village's motion pursuant to Fed. R. Civ. P. 62(d) to stay execution of the judgment pending a final determination of its appeal. However, the Court makes clear that, Hardwick having failed to separately move for a stay of execution or to post a *supersedeas* bond, the stay is in effect as to the Village only.

As to the Village's request that the Plaintiff's supplemental attorneys' fee request should be held in abeyance pending the outcomes of the Village's appeal, "[w]here the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees." Gill v. Bausch & Lomb Supplemental Ret. Income Plan I, 6:09–CV–6043 (MAT), 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014)(citing 1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d)(stating that "if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) [of Rule 54] a new period for filing after the appeal has been resolved")).

Here, the Court notes that a Second Circuit reversal of the May 28, 2014 judgment or those parts of the August 29, 2014 judgment denying the Defendants' motions under Fed. R. Civ. P. 50 and 59 would moot the Plaintiffs' supplemental motion for attorneys' fees and costs because the Plaintiff would no longer be the "prevailing party" entitled to such fees under 42 U.S.C. 1988(b). In the typical case, "deferring a ruling on [a] motion for attorneys' fees until the Second Circuit resolves [a merits appeal] ensures that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails." Doe ex rel. Doe v. E. Lyme Bd. of Educ., 3:11 CV 291(JBA), 2014 WL 4370504, at *2 (D. Conn. Sept. 2, 2014)(citing Gill, 2014 WL 1404902, at * 1).

However, in this case, the Court has previously rendered a decision on the Plaintiff's main or initial application for attorneys' fees and costs, and appeals taken by the Village and Hardwick of that order are pending before the Second Circuit. Thus, if this Court defers a ruling on the supplemental attorneys' fees until resolution of the Village's appeal, and then the Second Circuit affirms the May 30, 2014 judgment and those parts of the August 29, 2014 judgment denying the Defendants' motions for judgment as a matter of law and/or a new trial, the Second Circuit could be faced with piecemeal appeals, which are disfavored in this circuit. Lake v. Schoharie Cnty. Com'r of Soc. Servs., CIVA901CV1284 (NAM)(DEP), 2006 WL 1891141, at *3 n. 2 (N.D.N.Y. May 16, 2006)("While additional motion practice to address the issue of additional attorneys' fees incurred in connection with the pending appeal and any subsequent proceedings in this court, should plaintiff's claims survive on appeal, may well be unavoidable, this possible eventuality does not provide a basis to defer ruling upon the pending fee application. To accept defendants' argument and defer a ruling on the attorneys' fees issue until resolution of the pending cross-appeals would almost certainly prompt a second appellate

6

challenge and, accordingly, would run contrary to the Second Circuit's teaching that Rule 54(d) and its time limit was intended to avoid piecemeal appeals by consolidating of appellate resolution of issues of the type now raised by the parties in opposition to plaintiff's fee application with other, substantive arguments raised on appeal.").

To be sure, in <u>Mhany Mgmt. Inc. v. Inc. Vill. of Garden City</u>, No. 05-CV-2301 (ADS) (WDW), 2014 WL 4494774, at *2 (E.D.N.Y. Sept. 11, 2014), this Court was faced with a similar prospect of piecemeal appeals, but nonetheless granted the defendant's motion to defer ruling on the plaintiff's motion for attorneys' fees until after the Second Circuit rendered a decision on the defendant's merits appeal. However, in that case, the Court was presented with a motion to defer the Plaintiff's main or initial motion for attorneys' fees and costs rather than a <u>supplemental</u> motion and therefore the Court had not previously rendered rulings on the relevant issues, such as appropriate hourly rates and the plaintiff's degree of success.

Here, by contrast, these and other issues related to attorneys' fees and costs have previously been resolved by the Court. For three related reasons, this distinction undermines any argument that deferring a ruling on supplemental attorneys' fees and costs until after the Second Circuit renders a decision on the Defendants' merits appeal promotes judicial economy.

First, given that the issues related to attorneys' fees and costs, such as appropriate hourly rates and degree of success, are already before the Second Circuit, that court is presumably more likely to consolidate an appeal from this Court's order on supplemental fees and costs with the pending cross-appeals. Second, the parties will brief these issues before the Second Circuit regardless of whether this Court defers a ruling on the supplemental attorneys' fees and costs. Third, having previously decided the issues of hourly rates and degree of success in the August 28, 2014 order, and the Defendants having declined to move to reconsider those determinations,

the Court finds that the marginal time and expense required for this Court to resolve this motion now is minimal.

Further, the Court identifies little, if any, prejudice to the Village by declining to delay resolution of the Plaintiff's request for supplemental fees and costs until after the Village's appeal has been decided. This is because, as noted above, the Plaintiff has stipulated that it will not pursue execution for any judgment for fees granted on the supplemental fee petition until after the appeal is decided, obviating any need for the Village to post additional security to cover an award of supplemental attorneys' fees and costs.

Based on the foregoing, the Court declines to grant the Village's request to hold the Plaintiff's motion for supplemental attorneys' fees and costs in abeyance pending the outcome of its appeal.

The Court now turns to the merits of the Plaintiff's motion for supplemental attorneys' fees and costs.

"In the United States, parties are ordinarily required to bear their own attorney's fees — the prevailing party is not entitled to collect from the loser. . . . Congress, however, has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes." Buckhannon Bd. & Care Home, Inc., v. West Virginia Dept. Of Health & Human Res., 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). 42 U.S.C. § 1988(b) provides:

> In any action or proceeding to enforce a provision of [Section 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorneys' fee as part of the costs.

The Village does not dispute that the Plaintiff is a "prevailing party" whose reasonable attorneys' fees and costs are compensable. However, Village does argue that the fee request is unreasonable.

The hourly rates proposed by the Plaintiff are consistent with those previously approved by the Court in the August 28, 2014 Memorandum of Decision and Order, except as to paralegals. As the Court found in that decision, $115 an hour for paralegal services is excessive. Compare Todaro v. Siegel Fenchel & Peddy, P.C., 697 F. Supp. 2d 395, 400 (E.D.N.Y. 2010)($85/hr for paralegal); Finkel v. Jones Lang LaSalle Americas, Inc., 08–CV–2333 (RRM)(RML), 2009 WL 5172869, at *5 (E.D.N.Y. 2009)($80/hr for paralegals); Morgenstern v. County of Nassau, No. CV 04–58(ARL), 2009 WL 5103158, at *9 ($100/hr for paralegals). Accordingly, again, the Court reduces the paralegals' hourly rate to $100 per hour.

As required by New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983), the Plaintiff's counsel has submitted contemporaneous billing records setting forth the date and amount of time when services were rendered, along with the name of the attorney and/or paralegals, and a description of the services performed. Those records reflect that the attorneys and paralegals spent a total of 100 hours opposing the Defendants' post-trial motions and 57.7 hours preparing the initial fee petition.

With regard to the number of hours opposing the Defendant's post-trial motions, the Court first addresses the 1.3 hours spent by Paul Rooney, Esq. on research related to the Plaintiff's letter motion dated June 30, 2014, later withdrawn, to dismiss the Defendants' post-trial motions as untimely. While "under 42 U.S.C. § 1988, a party is entitled to recover time spent on an unsuccessful motion as long as that motion was related to the case's successful outcome and was not frivolous," Deferio v. Bd. of Tr. of State Univ. of New York, No. 5:11–CV–0563 (GTS/RFT), 2014 WL 295842, at *9 (N.D.N.Y. Jan. 27, 2014), the Court finds that this unsuccessful motion was not sufficiently "related" to the case's outcome in favor of the Plaintiff.

The Court also agrees with the Village that the 1.1 hours spent by Amanda Fugazy, Esq. to obtain the trial transcripts to oppose the Defendants' post-trial motion could have been delegated to a paralegal. Therefore, the Court will reduce Fugazy's hours by 1.1 and, concurrently, increase the paralegals' hours by 1.1.

However, the remaining arguments advanced by the Village challenging the Plaintiff's entitlement to the requested supplemental attorneys' fees are without merit. The Village argues, without authority, that counsel do not typically bill clients for intra-office conferences. Contrary to the Village's contention, courts awarding attorneys' fees routinely grant fees for intra-office conferences, provided they are, as here, justified and no more than one attorney bills. See In re Bennett Funding Grp., Inc., 213 B.R. 234, 245 (Bankr. N.D.N.Y. 1997).

The Village also takes issue with research performed regarding qualified immunity by an associate, with some additional follow-up research by a partner, arguing that this issue "permeated" the trial and should not have required additional research. However, this assertion is belied by the fact that this argument consumed ten pages of Hardwick's post-trial briefing. Further, the Court notes the novelty of the underlying question as related to the defense of qualified immunity – namely, whether hispanic is a race different than the white or black race for purposes of the anti-discrimination statutes, and whether such a question needed to be resolved before jury deliberation. With these factors in mind, the Court finds the 11.7 hours spent by the associate researching qualified immunity, and the additional two hours on the part of the partner, to be reasonable.

Taking into account the reduced rate awarded for paralegal services; excluding the 1.3 hours spent by Rooney on research related to the Plaintiff's letter motion dated June 30, 2014;

and the factoring in the reduced rate for the 1.1 hours obtaining the trial transcripts, the adjusted total supplemental attorneys' fees for opposing the Defendants' post-trial motions is $37,140.

Turning to that part of the Plaintiff's motion for supplemental attorneys' fees sought in connection with his initial fee petition, the Court disagrees with the Village's characterization of the fee petition as "simple" and finds that hours spent by a partner supervising another partner may be compensable. However, the Court recognizes that some of the entries are excessive and duplicative.

That said, the Second Circuit has stated that the district court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994); see also Daiwa Special Asset Corp. v. Desnick, No. 00 CV 385 (SHS), 2002 WL 31767817, at *5 (S.D.N.Y. Dec. 3, 2002)(reducing fee award by 50% due in part to excessive billing). Particularly where, as here, the billing records are voluminous, "it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." Amato v. City of Saratoga Springs, 991 F. Supp., 62, 65 (N.D.N.Y. 1998)(citing Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

Based on an overall assessment of the billing record in relation to the initial fee motion, the Court will apply a 10% reduction in the number of hours expended. See Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013)(upholding forty percent across-the-board reduction in hours following a jury trial). Taking into account this across-the-board reduction and the reduced rate awarded for paralegal services, the adjusted total supplemental attorneys' fees for the fee application is $18,774.

Separately, the Village has raised no objection to the Plaintiff's request for supplemental costs for the purchase of the trial transcripts that it incurred in the amount of $6,825. Accordingly, the Court awards the Plaintiff that amount.

In sum, the Court grants the Village's motion pursuant to Fed. R. Civ. P. 62(d) to stay execution of the judgments dated May 28, 2014 and August 29, 2014, pending the outcome of the Village's appeal. The stay is only in effect as to the Village, not Hardwick, who neither moved for a stay nor posted a *supersedeas* bond. The Court grants the Plaintiff's motion for supplemental attorneys' fees and costs to the extent he is awarded (1) $37,140 in fees for opposing the Defendants' post-trial motions; (2) $18,774 in fees incurred in connection with the fee application; and (3) $6,825 in costs for purchasing the trial transcripts. The total amount awarded to the Plaintiff is $62,739.

**SO ORDERED.**
Dated: Central Islip, New York
October 29, 2014

                                          ____*Arthur D. Spatt*_____
                                            ARTHUR D. SPATT
                                        United States District Judge